IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VIGCE LLC d/b/a VISION GROUP CLEANING, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:23-cv-94-BN |
| LEVEL ELEVEN LLC | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Vigce LLC d/b/a Vision Group Cleaning has filed a Motion for Attorneys' Fees and Costs. *See* Dkt. No. 66.

Defendant Level Eleven, LLC has not responded, and its deadline to do so has passed.

The Court now grants in part and denies in part the motion.

### Background

As background, Vigce explains:

1. This application for attorneys' fees arises out of Plaintiff's Motion for Summary Judgment filed on March 29, 2024. Plaintiff moved for summary judgment on its breach of contract and declaratory judgment claim, but not its claim for attorneys' fees, and it moved for summary judgment on Defendant Level Eleven LLC's ("Defendant") breach of contract claim. This Court granted Plaintiff's Motion for Summary Judgment and denied Defendant's competing motion for summary judgment in its Memorandum Opinion and Order on Summary Judgment entered on May 1, 2024 (the "Order.").

2. In the Order, the Court found that Plaintiff "has established beyond peradventure the essential elements of its breach of

-1-

contract claim and declaratory judgment claims and is entitled to damages in the amount of $891,745." Further, this Court ordered that Plaintiff must file an application for attorney's fees no later than May 17, 2024. In accordance with the Order, Plaintiff, as the prevailing party on its breach of contract claim, files this Motion and seeks the attorneys' fees and costs it has incurred pursuant to Tex. Civ. Prac. & Rem. Code $ 38.001(8) and Federal Rule of Civil Procedure 54(d)(2).

Dkt. No. 66 at 1-2.

Vigce seeks attorneys' fees in the amount of $135,000 and costs in the amount of $38,376.69, for a total award of $173,376.69. *See id.* at 3.

## Legal Standards

Where, as here, a party seeks to recover attorneys' fees as authorized by contract,

> [r]easonable attorneys' fees are determined through a two-step process. The district court must first calculate the lodestar – the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. The lodestar is presumed reasonable, but the court may then enhance or decrease it after considering the twelve *Johnson* factors. [T]he most critical factor in determining a reasonable fee 'is the degree of success obtained.'

> [T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. But once calculated, the party seeking modification of the lodestar under the *Johnson* factors bears the burden.

*Fessler v. Porcelana Corona De Mex., S.A. DE C.V.*, 23 F.4th 408, 415-16 (5th Cir. 2022) (cleaned up).

And the Court also may use its own expertise and judgment to make an appropriate independent assessment of the hourly rates charged for the attorneys' services. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th

Cir. 2004); *Vanliner Ins. Co. v. DerMargosian*, No. 3:12-cv-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of attorneys' fees). Further, "[i]f a party does not object to particular billing entries as inadequately documented, the court is not obligated *sua sponte* to sift through fee records searching for vague entries or block billing. It is a common practice for courts to address only those potentially inadequate entries brought to the court's attention." *Hoffman v. L & M Arts*, No. 3:10-cv-953-D, 2015 WL 3999171, at *5 (N.D. Tex. July 1, 2015).

The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Ga. Highway Express*, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).

The undersigned recognizes that the analysis set forth above, and particularly the interplay of the lodestar analysis and the *Johnson* factors, may have been called into question by the United States Supreme Court's decision in *Perdue v. Kenny A.*, 559 U.S. 542 (2010). *See Perdue*, 559 U.S. at 552-53; *S&H Indus., Inc. v. Selander*,

-3-

No. 3:11-cv-2988-M-BH, 2013 WL 6332993, at *2-*3 (N.D. Tex. Dec. 5, 2013).

But the United States Court of Appeals for the Fifth Circuit, in a subsequent published opinion, rejected the argument "that *Perdue* clearly disfavors applying the *Johnson* factors to determine a fee award and instead requires the use of only the lodestar." *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 393 (5th Cir. 2016). The Court of Appeals explained that

> [w]e agree that *Perdue* requires courts to first calculate the lodestar; indeed, this has long been our practice. *See, e.g., League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Ind. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997) ("The method by which the district court calculates an attorneys' fees award is well established. The district court first calculates the 'lodestar.'"). But *Perdue* does not, as Combs contends, make it impermissible to then consider any relevant *Johnson* factors. *Perdue* cautions against the sole use of the *Johnson* factors to calculate a reasonable attorney's fee but nowhere calls into question the use of relevant *Johnson* factors to make this determination. Indeed, *Perdue* expressly allows adjustments "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." 559 U.S. at 554....
>
> And though the lodestar is presumed reasonable, it may be adjusted where it "does not adequately take into account a factor that may be properly considered in determining a reasonable fee." *Perdue*, 559 U.S. at 554.... *Perdue*, consistent with the Court's frequent pronouncements, explains that lodestar enhancements are to be rare....
>
> In sum, the district court should begin by calculating the lodestar: the reasonable hours expended multiplied by a reasonable rate. The district court may then determine whether any other considerations counsel in favor of enhancing or decreasing the lodestar. In light of the "strong presumption" that the lodestar represents a sufficient fee, enhancements must necessarily be rare. *Perdue*, 559 U.S. at 553-54.

*Id.* at 393-95; *see also Rodney v. Elliot Sec. Sols., L.L.C.*, 853 F. App'x 922, 924 (5th

Cir. 2021) (per curiam).

*Perdue*, then, did not change the proper method for calculating attorneys' fees awards in the Fifth Circuit. The analysis below will consider the necessary factors when determining the appropriate amount of attorneys' fees to be awarded.

And, in the end, this Court "must provide a reasonably specific explanation for all aspects of a fee determination." *Portillo v. Cunningham*, 872 F.3d 728, 741 (5th Cir. 2017) (cleaned up). So "rulings on fee awards need not be so excruciatingly explicit that those decisions consume more paper than did the cases from which they arose." *Saldivar v. Austin Indep. Sch. Dist.*, 675 F. App'x 429, 432-33 (5th Cir. 2017) (per curiam) (cleaned up). Instead, this Court's "analysis [must be] complete enough for [the Fifth Circuit] to review whether the [C]ourt has used proper factual criteria in exercising its discretion to fix just compensation." *Id.* (cleaned up).

## Analysis

Vigce's motion is supported by the affidavit of its lead attorney, Graigory B. Fancher. *See* Dkt. No. 66 at 6-14.

Mr. Fancher is a shareholder with Bourland, Wall & Wenzel, P.C. He has been a member of the State Bar of Texas since 2008. He is also admitted to practice before the U.S. District Courts for the Northern, Eastern Western, and Southern Districts of Texas and the United States Court of Appeals for the Fifth Circuit. He has handled numerous cases like this one and is familiar with the fair, reasonable, and customary fees charged by attorneys in Dallas County, Texas and the Northern District of Texas for lawsuits of this type.

Mr. Fancher explains:

5.      … Plaintiff incurred $147,042.50 in attorneys' fees in connection
        with the prosecution of Plaintiff's breach of contract claim and
        Defendant's defenses thereto. I believe that of this amount,
        $135,000.00 is an appropriate amount to seek for recovery of
        reasonable and necessary attorneys' fees. I expect to spend
        approximately twenty (20) hours in post-judgment collection
        efforts. This lodestar amount is based on one hundred seventy
        (170) hours of shareholder time at the hourly rate of $405.00 and
        three hundred (275) hours of associate time at the hourly rate of
        $250.00.

*Id*. at 7-8.

The total number of hours and fees reflected on the billing records attached to

Mr. Fancher's affidavit approximately match the hours to which Mr. Fancher

attests. Based on the Court's review, the billing records reflect 186 hours billed by

attorneys at an hourly rate of $405 (for a total of $75,330); 1.5 hours billed by an

attorney at an hourly rate of $295 (for a total of $442.50); 9.5 hours billed by an

attorney at an hourly rate of $275 (for a total of $2,612.50); and 281.25 hours billed

by attorneys at an hourly rate of $250 (for a total of $70,312.50) – for a total billed

attorney time of 478 hours. The Court assumes that the reference to 275 hours of

associate time is a typo since the billing records support the reference to 300 hours.

Mr. Fancher further explains:

9.      … The attorneys' work in this lawsuit involved complex and
        unique issues related to, among other things, contract
        interpretation and enforceability of the termination provisions in
        several contracts for janitorial contracts with Defendant,
        calculation and recovery of lost profits, the applicability of
        several affirmative defenses alleged by Defendant, and
        procedural issues relating to affirmative defenses and
        evidentiary matters. The work involved, among other things,

> detailed analysis of the case pleadings, substantial legal research and analysis, and drafting. As can be seen, the majority of fees were incurred during the summary judgment phase when Defendant introduced two new affirmative defenses and several affidavits. The fees incurred during this time were not only necessary but required to, in effect, disprove a new case by Defendant in a very short time period and achieve the results obtained.

Dkt. No. 66 at 9.

> 11.   …I am familiar with the hourly rates charged by Bourland, Wall & Wenzel, P.C. and by other firms providing legal services in the Northern District of Texas (Dallas Division), and Bourland, Wall & Wenzel, P.C.'s hourly rates for its attorneys are not only competitive but actually on the lower end of the market for firms of similar size and attorneys with similar experience. My hourly billable rate is $405.00. Emily Garza and Even Bell, two first-year associate[s] with my firm, have an hourly billable rate of $250.00. … Other associates and attorneys with more experience that have participated have a higher billable rate, but I have used the lower hourly rate of $250.00 per hour when calculating reasonable fees in this case.

Dkt. No. 66 at 10.

Mr. Fancher states that fee segregation is not required because Vigce's breach of contract claim, for which attorneys' fees are recoverable, was intertwined with its declaratory judgment claim, for which they are not. *See id.* at 12-13 ¶¶ 16-20; *Tony Gullo Motors I, LP v. Chapa*, 212 S.W.3d 299, 313-14 (Tex. 2006).

> 17.   The success of Plaintiff's breach of contract claim was dependent upon disproving Defendant's breach of contract counterclaim and Defendant's affirmative defenses, and it involved the same research, discovery, proof, and legal expertise as required by Plaintiff's breach of contact claim. … For example, to prove Plaintiff complied with the janitorial contracts, an essential element of its claim, Plaintiff had to first prove that Defendant's allegations regarding Plaintiff's alleged breaches were without merit. Further, by its very nature, Plaintiff was required to

defend against Defendant's affirmative defenses to be able to successfully prove its breach of contract claims.

18.      Similarly, in order to prove that Defendant breached the contracts, Plaintiff had to establish the terms of each contract through its declaratory judgment action, which also involved the same research, discovery, proof, and legal expertise as Plaintiff's breach of contract claim … In fact, Plaintiff's breach of contract claims were dependent upon the declaratory judgment claims.

*Id.* at 12-13.

The Court finds that the adjusted lodestar amount of $135,000 for attorneys' fees sought by Vigce is reasonable and within the market rate for attorneys handing this type of litigation in the Dallas area.

Vigce also seeks an award of $38,376.69 in costs.

"Federal Rule of Civil Procedure 54(d)(1) permits a district court to provide costs, other than attorney's fees, to the 'prevailing party.' " *Mercer v. Patterson-UTI Drilling Co., L.L.C.*, 717 F. App'x 400, 406 (5th Cir. 2017) (per curiam). And, in this circuit, the "rule is that: Unless a federal statute, the Federal Rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." *Vital v. Nat'l Oilwell Varco, L.P.*, 685 F. App'x 355, 360 (5th Cir. 2017) (per curiam) (cleaned up); *see also Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir. 2006) ("There is a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs.").

28 U.S.C. "§ 1920 defines the term 'costs' as used in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Section 1920 provides that a judge or clerk of any court of the United States may tax as costs the following: (1)

fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. 28 U.S.C. § 1920.

The United States "Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Cook Children's Med. Ctr. v. The N. Engl. PPO Plan of Gen. Consolidation Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007) (cleaned up).

"Taxable costs are limited to relatively minor, incidental expenses as is evident from [28 U.S.C.] § 1920" and "are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators," such that "costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012) (cleaned up). In short, "taxable costs are limited by statute and are modest in scope." *Id.* The Court "may decline to award the costs listed in the statute but may not award costs omitted from the list." *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993) (cleaned up).

Vigce seeks costs "related to filing, retaining an expert, and conducting depositions and mediation." *Id.* at 8. Of those, only costs related to filing are

recoverable under Section 1920. And, so, Vigce may recover the $402 filing fee.

## Conclusion

Plaintiff's Motion for Attorneys' Fees and Costs [Dkt. No. 66] is granted in part and denied in part. The Court awards Vigce LLC $135,000 for attorneys' fees and $402 for costs, for a total recover of attorneys' fees and costs of $135,402.

DATED: August 19, 2024

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE